# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 12-83015-JAC11 |
| S&M EQUIPMENT, INC., ) | |
| ) | CHAPTER 11 |
| DEBTOR. ) | |
| ) | |

## AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW, Randall Pettus (hereinafter "Pettus"), by and through the undersigned counsel, and pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001, moves this Honorable Court to enter an Order lifting and annulling the automatic stay in the above-referenced Chapter 11 bankruptcy case, and holding that Pettus may proceed with the Lawsuit (defined below) as requested herein. In support of this amended motion, Pettus states as follows:

## JURISDICTION

1. On September 19, 2012, Debtor, S&M Equipment, Inc., filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "Bankruptcy Court").

2. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicate for the relief requested herein is 11 U.S.C. § 362.

## BACKGROUND

4. On or around June 27, 2011, Pettus filed a civil action (the "Lawsuit") against several defendants, including the Debtor, which included counts for oppression, breach of

1

fiduciary duties, fraudulent suppression, misrepresentation, conversion, unjust enrichment, waste, violation of Alabama Code § 10-2B-8.33, civil conspiracy, declaratory judgment, accounting and constructive trust, violation of the Alabama Securities Act, breach of contract, and fraudulent conveyance resulting from Pettus' employment and equity ownership in S&M Paving Co., Inc. A copy of the Verified Complaint is attached hereto as Exhibit "A".

5. The Lawsuit is currently pending in the Circuit Court of Colbert County, Alabama ("Trial Court") as Case No. CV-2011-900139.00.

6. On or around October 18, 2012, Debtor filed a Suggestion of Bankruptcy with the Trial Court and the Lawsuit has been stayed against Debtor as a result.

## RELIEF REQUESTED

7. By this Motion, Pettus seeks an Order lifting and granting relief from the automatic stay so that Pettus may proceed with the Lawsuit for the purpose of establishing and liquidating any claim Pettus may have against the Debtor in this bankruptcy case, with the understanding that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or Bankruptcy Estate, except that Pettus will be allowed those remedies available to him under the Bankruptcy Code, including the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

8. Pettus further requests that this Court enter an Order lifting and granting relief from the automatic stay so that Pettus may seek recovery of any resulting judgment against any applicable insurance coverage the Debtor may have.

9. Pettus further requests entry of an Order clarifying that this bankruptcy case and automatic stay in no way affects Pettus' claims against the remaining third party defendants or

2

his ability to proceed with the Lawsuit as to these third party defendants in any manner. It is well-established that the automatic stay provisions of § 362(a) generally do not operate to stay claims against non-debtor defendants, even if they are in a similar legal or factual nexus with the debtor. *See Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194,1205 (3d Cir. 1991); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983); *In re Colonial BancGroup, Inc. Securities Litigation*, No. 2:09-cv-104-MHT, 2010 WL 119290, *1 (M.D. Ala. Jan. 7, 2010).

10. Pettus requests that the Bankruptcy Court waive the fourteen (14) day "stay" in accordance with Fed. R. Bank. P. 4001(a)(3).

## **BASIS FOR RELIEF**

11. Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under sub-section (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause ... " 11 U.S.C. § 362(d).

12. "'Cause' for granting relief from the stay may exist if the equities in a particular case dictates that a lawsuit…should proceed in a forum other than the bankruptcy court...." *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998). In order to balance the equities, courts consider certain factors, including:

> (1) trial readiness of the proceeding in the non-bankruptcy forum; (2) judicial economy; (3) the resolution of preliminary bankruptcy issues; (4) costs of defense or other potential burden to the debtor or the bankruptcy estate; (5) the creditor's chances of success on the merits; (6) specialized expertise of the non-bankruptcy forum; (7) whether the damages or claim that may result from the non-bankruptcy proceeding may be subject to equitable subordination under Section 510(c); (8) the extent to which trial of the case in the non-bankruptcy forum will interfere with the progress of the bankruptcy case; (9) the anticipated impact on the movant, or other non-debtors, if the stay is not lifted; and, (10) the presence of third parties over which the bankruptcy court lacks jurisdiction.

Id. at 818.

13. Most of these factors weigh heavily in favor of granting stay relief in this instance:

(a) Judicial economy is served because the Trial Court has jurisdiction over all of the parties, is available to preside over the Lawsuit, has had the case for over a year, and is familiar with the issues;

(b) There are no preliminary bankruptcy issues that must be resolved for this Lawsuit to proceed as requested herein;

(c) As shown in the Complaint attached hereto, the evidence of defendants' culpability is quite clear and Pettus' chances of success are high;

(d) Primarily the claims asserted and relief sought by Pettus in the Lawsuit are based on state law, and do not arise from or relate to the bankruptcy case in any respect. As such, it is unlikely that the Bankruptcy Court would have jurisdiction to fully adjudicate Pettus' claims given the U.S. Supreme Court's recent pronouncement in *Sterne v. Marshall*, l31 S.Ct 2594, 2611, 2620 (2011). On the other hand, the Trial Court would have jurisdiction to enter a final judgment. Moreover, the Trial Court deals with the state law claims/issues raised in the Lawsuit on a more frequent basis than does the Bankruptcy Court, and thus has more specialized expertise;

(e) There are no grounds for equitable subordination of any damages that may be awarded to Pettus in the Lawsuit;

(f) Allowing the Lawsuit to proceed with the limitations stated herein will ensure that the Lawsuit does not interfere with the progress of the Bankruptcy Case;

(g) There can be no dispute that Pettus will be substantially and materially impacted if the stay is not lifted. Pettus would be precluded from bringing his claims against not only the Debtor, but also other third-party defendants who are not under bankruptcy protection. In addition, Pettus could be left without a forum to hear his claims since the Bankruptcy Court may lack jurisdiction under the *Sterne v. Marshall* decision; and

(h) The Lawsuit was filed by Pettus against the Debtor as well as other third-party defendants. The Bankruptcy Court would lack jurisdiction over these other third-party defendants.

14. The equities weigh heavily in favor of finding that the Lawsuit should proceed in the Trial Court. Accordingly, "cause" exists to grant Pettus relief from the automatic stay.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, Pettus herein prays that this Honorable Court will enter an Order

A. Granting this Motion;

B. Lifting and granting relief from the automatic stay so that Pettus may proceed with the lawsuit for the purpose of establishing and liquidating any claim Pettus may have against the Debtor in this bankruptcy case, with the stay to remain in effect as to enforcement of any resulting judgment against the Debtor or Bankruptcy Estate, but allowing Pettus those remedies available to him under the Bankruptcy Code, including the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case;

C. Lifting and granting relief from the automatic stay so that Pettus may seek recovery of any resulting judgment against any applicable insurance coverage the Debtor may have, with the understanding that Debtor will not be required to plead or otherwise participate as a party in the Lawsuit;

D. Finding that this bankruptcy case and automatic stay in no way affects Pettus's claims against the remaining third party defendants or Pettus's ability to proceed with the Lawsuit as to these third party defendants in any manner;

E. Waiving the fourteen (14) day "stay" in accordance with Fed. R. Bank. P. 4001(a)(3);

F. Waiving the ten day "stay" on such Order provided for by Fed. R. Bankr. P. 4001(a)(3); and

G. Granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted this the 20th day of December, 2012.

/s/ Kevin D. Heard
Kevin D. Heard
Angela S. Ary
Attorneys for Pettus
Heard Ary, LLC
307 Clinton Avenue West, Suite 310
Huntsville, Alabama 35801
(256) 535-0817
kheard@heardlaw.com
aary@heardlaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Motion has been served upon the List of Creditors Holding the 20 Largest Unsecured Claims, those parties listed on the creditor matrix, and upon the following electronically and/or by first class United States Mail, properly addressed with postage prepaid, on December 20th, 2012.

| | |
|---|---|
| S. Mitchell Howie | Richard M. Blythe |
| Attorney for Debtor | Attorney for Bankruptcy Administrator |
| 107 North Side Square | PO Box 3045 |
| Huntsville, AL 35801 | Decatur, AL 35602 |
| | |
| Michael E. Lee | G. Rick Hall |
| Attorney for Debtor | Douglas B. Hargett |
| PO Box 571 | Attorneys for Randall Pettus |
| Huntsville, AL 35804 | 201 North Walter Street |
| | Tuscumbia, AL 35674 |

                */s/ Kevin D. Heard*
                Kevin D. Heard